UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANLYS MARTINEZ, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>SUREFOX NORTH AMERICA INC,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Case No.: 24-cv-4933<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff WANLYS MARTINEZ, on behalf of herself, individually, and on behalf of all others similarly-situated, ("FLSA Plaintiffs") by and through her attorneys, JOSEPH & NORINSBERG, LLC, as and for her Complaint against SUREFOX NORTH AMERICA INC ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

1.  Plaintiff brings this action on behalf of herself and all others similarly situated for Defendant's systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et seq.*, and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2 (iii) the NYLL's requirement that employers pay manual worker employees all wages owed on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL §195(3), as codified in the New York Wage Theft Prevention Act ("WTPA"); and (v) any other claim(s) that can be inferred from the facts set forth herein.

1

## **PRELIMINARY STATEMENT**

2. Defendant is a security company that employs security personnel at various locations throughout the United States, with a significant presence in New York where Plaintiff, along with other similarly situated employees, has been subjected to ongoing wage violations and unfair labor practices.

3. Defendant hired Plaintiff as a security guard on or around March 15, 2023. But despite regularly working beyond her scheduled hours, Defendant nevertheless failed and refused to pay her for all of her hours, resulting in her suffering unpaid overtime compensation, in willful violation of the FLSA and NYLL.

4. In addition, Plaintiff conducts mandatory hourly patrols as part of her duties, which significantly contribute to her workload. Despite well more than 25% of Plaintiff's job duties requiring her to perform manually laborious, physical tasks, from the start of her employment through May 1, 2024, Defendant failed and refused to pay Plaintiff her earned and owed wages on a weekly basis. Instead, Defendant paid her twice per month, in violation of NYLL § 191(1)(a). In so doing, Defendant provided Plaintiff with legally inaccurate wage statements that incorrectly listed her pay date as less frequently than weekly, while also failing to include, *inter alia*, her actual hours worked.

5. Defendant uniformly failed to compensate Plaintiff and similarly situated security personnel in accordance with federal and state wage laws by consistently neglecting to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked beyond forty in a workweek, and by failing to timely make payment of all wages due on a weekly basis prior to May 1, 2024.

6. Plaintiff therefore brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

7. In addition, Plaintiff brings her NYLL claims on pursuant to the class action provisions of Fed.R.Civ.P. 23(b)(3) on behalf of herself and all other similarly situated manual workers who worked for Defendant in New York.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

10. At all relevant times, Plaintiff worked for Defendant, in New York and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

11. Defendant was and is a foreign corporation with its principal place of business and address for service of process located at 655 3rd St., San Francisco, CA 94107-1901.

12. Defendant is a security company that employs security personnel at various locations, with a significant presence in New York.

13. At all times relevant to this action, Defendant employs and employed two or more employees, and was and is an enterprise "engaged in interstate commerce," as defined by the FLSA, because it operates a security consulting firm providing services throughout the United States and internationally, and Defendant's qualifying annual business exceeds $500,000.00. This status subjects Defendant to the FLSA's overtime requirements as an enterprise. Additionally, Plaintiff and similarly situated employees routinely performed work across state lines, securing various sites, which subjects Defendant to the FLSA's overtime requirements for individuals.

14. Accordingly, Defendant was and is the "employer(s)" of Plaintiff within the meaning of the FLSA, NYLL, and WTPA.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former security guards, who during the applicable FLSA limitations period, performed work as security guards for Defendant, and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendant treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

17.     At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

18.     Defendant's willful violation of the FLSA is evidenced by its knowledge that its policies violated the FLSA, and its intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Discovery will reveal evidence that Defendant blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

19.     The precise number of FLSA Plaintiffs should be readily available from a review of the Defendant's personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

20.     Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

21.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

22.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former manual workers / security guards who performed any work for Defendant in New York during the statutory period within the State of New York ("Rule 23 Plaintiffs").

23. All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

24. Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. For instance, Plaintiffs and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendant's late payments of wages. Specifically, Plaintiffs and the Rule 23 Plaintiffs were deprived of their ability to purchase with their timely wages, invest their timely wages, accrue interest on their timely wages, or otherwise utilize the value that their wages would have held had they been paid timely.

### Numerosity & Ascertainability

25. During the applicable NYLL limitations period, the Defendant has, in total, employed at least 100 employees that are putative members of this class.

26. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendant's personnel, time, and payroll records.

### Common Questions of Law and/or Fact

27. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Defendant compensated all overtime wages due and whether Rule 23 Plaintiffs less frequently than on a weekly basis; (4) whether the Defendant furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendant kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (6) whether the Defendant kept and maintained records with respect

6

to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (7) whether the Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

28.     As described in the "Background Facts" section below, the Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendant as manual workers / security guards in New York; Defendant failed to pay them all overtime hours and failed to pay them at least as frequently as a weekly basis despite their status as manual workers; and Defendant did not provide them with accurate wage statements on each pay day.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid as manual workers at least as frequently as on a weekly basis, and to be furnished with accurate wage statements on each payday.

29.     Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

**Adequacy**

30. Plaintiff, as described below, worked the same or similar job duties as a manual worker/security guard as the Rule 23 Plaintiffs throughout their employment with Defendant. Defendant did not pay Plaintiff all overtime hours due nor did Defendant pay Plaintiff on a weekly basis, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs.

31. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

32. Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law. J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiff's counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions. Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

33.  A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

34.  Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

35.  Any lawsuit brought by a security guard / manual worker based in New York and employed by Defendant would be identical to a suit brought by any other such employee for the same violations.  Thus, separate litigation would risk inconsistent results.

36.  Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3)

**BACKGROUND FACTS**

***Defendant Failed to Pay Plaintiff Overtime Compensation under the FLSA & NYLL.***

37.  Plaintiff is currently a security guard employed by Defendant.

38.  Defendant hired Plaintiff on or around March 15, 2023 as a security guard at a building located at 199 Water Street, New York, New York 10038.

9

39. Plaintiff is employed by Defendant and works a regular schedule from Monday through Friday, from 7:00 AM to 3:30 PM.

40. However, despite these scheduled hours, Plaintiff begins work approximately twenty to thirty minutes before her scheduled start time virtually every day.

41. In addition, to avoid paying her overtime compensation for her scheduled overtime hours, Defendant automatically discounts thirty minutes of break time daily, despite Plaintiff never fully taking this 30-minute uninterrupted break.

42. This practice results in Plaintiff working about 44 to 45 hours per week, yet only receiving payment for up to 40 hours per week, virtually every week of her employment.

43. From March 15, 2023, through January 10, 2024, Plaintiff was paid a regular hourly rate of $34.00 and an overtime rate of $51.00 per hour.

44. From on or about January 11, 2024, through the present, Plaintiff has been paid, and continues to be paid a regular hourly rate of $25.00 and an overtime rate of $37.50 per hour.

45. By way of example only, during the week of June 16 through June 30, 2023, Plaintiff worked five days, from between 7:00 AM and 3:30 PM each day, for a total of approximately 44.58 hours of work that week.

46. Yet Defendant only paid her for a total of 40 hours of work for the entire pay period from June 16 through June 30, 2023, amounting to total wages of $1,360.00 for that workweek.

47. As a result, Defendant never paid Plaintiff any wages, let alone any overtime compensation, for any of the hours she worked beyond forty during that week.

### *Defendant Failed to Pay Plaintiff on a Weekly Basis as a Manual Worker.*

48. Making matter wors, prior to May 1, 2024, Defendant failed to compensate Plaintiff at least as frequently as on a weekly basis despite working as a manual worker.

49. As a security guard, Defendant requires Plaintiff to patrol the entirety of her assigned job site hourly to ensure all is secure.

50. Each patrol lasts approximately twenty minutes.

51. Over the course of a typical day, Plaintiff spends a total of approximately 2.33 hours completing these patrols.

52. In addition, when not performing patrols, Plaintiff must physically work with her hands by checking doors, handling materials that need to be moved, and walking around the building.

53. Consequently, Plaintiff dedicates more than, and therefore at least twenty-five percent of her shift to performing manually laborious tasks.

54. Despite regularly spending more than twenty-five percent of her shift performing manually laborious / physical tasks, from on or around March 15, 2023, through May 1, 2024, Defendant paid Plaintiff on a semi-monthly basis.

55. For example, for the period beginning on June 16 and ending June 30, 2023, Defendant paid Plaintiff her lawfully earned wages on July 10, 2023.

56. In this regard, by way of example only, Defendant failed to pay Plaintiff her wages earned from June 16, 2023, to June 22, 2023, by June 29, 2023, as required by NYLL § 191(1)(a).

57. As a result, Plaintiff was not paid the wages she was due when it was due, resulting in her actual concrete injury of underpayment of wages.

58. Plaintiff was similarly underpaid for every workweek from on or around March 15, 2023 through May 1, 2024, that she was paid her lawfully earned wages after more than seven days within the time she completed her work.

59. Moreover, from on or around March 15, 2023 through May 1, 2024, Plaintiff was denied the time-value of her money by Defendant's underpayments. Specifically, Plaintiff suffered actual monetary injury in that she was unable to invest, save, or purchase utilizing the wages she earned at the time value it held when it was due.

60. Moreover, on each occasion when Defendant paid Plaintiff, Defendant provided Plaintiff with an inaccurate wage statement, in that it failed to include, *inter alia*, her actual hours worked, or a correct weekly pay period.

61. Plaintiff suffered a concrete injury in fact due to Defendant's failure to provide her with timely and accurate wage statements on each pay day because, lacking any real documentation from Defendant that showed her true hours and pay, she felt unable to meaningfully advocate for herself and others due to the lack of accurate information provided to them during each pay period from Valentino.

62. If Plaintiff's paystubs accurately reflected the actual hours she works and has worked, and if she would have been made aware upon hire what she was entitled to be paid for all hours at the start of her shift and for working through lunch, and to be paid on a timely basis each week, Plaintiff would have been able to advocate for herself and for her coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of her rights.

63. Indeed, because Plaintiff was not aware that she should have received compensation for the work at the start of her shift and for working through her lunch break, and because Plaintiff was not aware that she was entitled to be paid on a weekly basis, Plaintiff waited more than a year before raising her complaints against Defendant, causing her to lose the time-value of the money she should have earned if she was accurately appraised of her total hours

worked each week without receiving pay for all of those hours.

64. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

65. Defendant acted in the manner described herein so as to minimize its overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

66. Plaintiff, and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

68. As described above, Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

69. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

70. Defendant willfully violated the FLSA.

71. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

72. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the NYLL and the NYCCRR*

73. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

75. Defendant is an "employer" within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action are "employees" within the meaning of the NYLL and the NYCRR.

76. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate her/them in accordance with the NYLL's and the NYCRR's overtime provisions.

77. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her/their regular rate of pay.

78. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT**
*Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

79. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

14

80. NYLL §§ 191(1)(a) requires that employers pay their manual worker employees their wages on a weekly basis.

81. As described above, Defendant is an "employer" within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiffs based in New York are manual worker "employees" within the meaning of the NYLL.

82. As also described above, from on or around March 15, 2023 through May 1, 2024, Defendant failed to pay Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action, all wages earned on a weekly basis as the NYLL requires.

83. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all wages to manual workers on a weekly basis.

**FOURTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

84. Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

86. Defendant is an "employer" within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action are "employees" within the meaning of the NYLL.

87. As described above, Defendant, on each payday, failed to furnish Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

88. Specifically, Defendant failed to furnish Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action with wage statements on a weekly basis, and that when Defendant did furnish the wage statements, it failed to include, *inter alia*, their actual hours worked or a correct pay period.

89. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiffs based in New York that opts in to this action in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

90. Pursuant to FRCP 38(b), Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a right to trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendant from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Designation of this action as an Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

  f. Designation of Plaintiff and her counsel as class and collective action representatives under the FRCP and FLSA;

  g. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  i. Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j.  Awarding Plaintiff with a service award for her role as class and collective action representative and in recognition for her dedication to the Rule 23 Class and FLSA Plaintiffs and her willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

k.  Pre-judgment and post-judgment interest, as provided by law; and

l.  Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       June 28, 2024

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
JON L. NORINSBERG, ESQ.
MICHAEL R. MINKOFF, ESQ.
110 East 59th Street, Suite 2300
New York, New York 10022
Tel.: (212) 227-5700
Fax: (212) 656-1889
*Attorneys for Plaintiff and Putative Class and Collective*